On Application for Rehearing.
PER CURIAM,
On the 5th day of April, 1951, this court rendered judgment in favor of plaintiff and against the defendants, R. E. Gowan and Great American Indemnity Company, in solido. Both defendants have filed applications for rehearing. The application on behalf of the defendant, Gowan, was filed on the 20th day of April, 1951. The filing of rehearings is governed by LSA-RS 13: 4446. This section specifically provides that applications for a rehearing in all of the Courts of Appeal, save with respect to those cases appealed from the City Courts of New Orleans, must be filed: “On or before the fourteenth calendar day after the rendition of judgment by any of the courts of appeal * * *.”
The section further provides: “Judgments of the courts of appeal become final and executory upon the expiration of the delay for applying for rehearing if no application therefor has been filed timely.”
It is apparent that fourteen clear days elapsed after the day upon which judgment was rendered by this court within which period no application for a rehearing was filed on behalf of the defendant, Gowan. It follows that the judgment of the court had become final and ex-ecutory, and, accordingly, the application for rehearing cannot be considered.
The application on behalf of defendant, Great American Indemnity Company, calls attention to the fact that the appeal involving this defendant was prosecuted by the plaintiff from judgment of the District Court sustaining an exception of no right of action interposed by this defendant and dismissing plaintiff's demands as against it. Confusion resulted from the fact that this appeal and plaintiff’s appeal from judgment .rejecting his demands against the defendant, R. E. Gowan, after trial on the merits, were consolidated before this court.
Unquestionably the court was in error in rendering judgment against the defendants-Gowan and the Indemnity Company, in solido, since no trial on the merits was had as between plaintiff and the Indemnity Company.
Accordingly, it is necessary that the decree of the court as embodied in its original opinion and judgment be amended to read as follows:
“The judgment appealed from is reversed and set aside and there is now judgment in favor of the plaintiff, Donald Lovelace, and against the defendant, R. E. Gowan, in the sum of $1,500.00 with interest at the legal rate from date of judicial demand, together with all costs.
“There is further judgment overruling the exception of no right of action filed on behalf of the defendant, Great American Indemnity Company, and remanding this case to the Honorable First Judicial District Court in and for the Parish of Caddo, State of Louisiana, for further proceedings as between plaintiff and said named defendant. All costs of such proceedings to await final determination.”
The application for rehearing on behalf of the defendant, Great American Indemnity Company, is refused.